United States District Court
Southern District of Texas

**ENTERED**

October 30, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUBERT E. RIASCOS HURTADO, | § | |
| TDCJ #02470053, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-25-5054 |
| ERIC GUERRERO, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Hubert E. Riascos Hurtado (TDCJ #02470053), initiated this action by filing his claims on a form titled "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure Article 11.07" ("Application") (Docket Entry No. 1). The Application seeks relief from Hurtado's conviction for aggravated kidnapping in Harris County Case No. 179263101010.[1]

After considering the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will dismiss this action without prejudice for the reasons explained below.

---

[1] See Application, Docket Entry No. 1, p. 1. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

## I. **Background**

Hurtado discloses that he was convicted of aggravated kidnapping in Harris County Case No. 179263101010.[2] Public records show that on October 4, 2023, Hurtado was sentenced to 12 years in prison for his conviction in Case No. 179263101010.[3] Hurtado admits that he has not filed an appeal from the conviction, and he has not pursued habeas corpus or other collateral review in state court.[4]

On October 22, 2025, this court received the Application submitted by Hurtado.[5] The Application seeks a reduction in Hurtado's 12-year sentence for his conviction in Case No. 179263101010.[6] To the extent Hurtado intended to file the Application in federal court,[7] the Application is subject to

---

[2]See id. at 2 ¶ (6).

[3]See Inmate Information Search, Texas Department of Criminal Justice, https://inmate.tdcj.texas.gov/InmateSearch/start (last visited Oct. 27, 2025).

[4]See Application, Docket Entry No. 1, p. 3 (answering "no" to the questions of (13) whether he appealed from the judgment of conviction, (14) whether he filed a petition for discretionary review, and (15) whether he filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure).

[5]See id. at 1.

[6]See id. at 4 ¶ (15)(C); Plea for a Reduction in Sentence, Docket Entry No. 1-2, p. 1.

[7]The Application submitted by Hurtado is on a form approved for use by the Texas Court of Criminal Appeals. (See Application, Docket Entry No. 1). The attachments submitted with the (continued...)

-2-

dismissal for lack of exhaustion because Hurtado has not raised his claim previously in state court.

## II.  Discussion

A federal court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254 (b)(1)(A); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999).  To satisfy this requirement "the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson v. Harless, 103 S. Ct. 276, 277 (1982)).  This means that a petitioner must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals. See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1734 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985).

A Texas criminal defendant may exhaust remedies by taking the following paths to the Texas Court of Criminal Appeals:  (1) the petitioner may file a direct appeal from a judgment of conviction

---

( .continued)
Application seem to indicate, however, that Hurtado intended to file the Application in federal court, as opposed to in state court.  See Application, Docket Entry No. 1, p. 25 (addressing letter to the federal Clerk's Office); Plea for a Time Extension, Docket Entry No. 1-1, p. 1 (caption includes "In the United States District Court for the Southern District of Texas").

followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  See Tex. Code Crim. Proc. art. 11.07 § 3(c).  "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings." Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004).

"The exhaustion requirement is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Moore v. Quarterman, 454 F.3d 484, 490-91 (5th Cir. 2006) (internal quotation marks and citations omitted).  Exceptions exist only where there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S. C. § 2254 (b)(1)(B).

The pleadings reflect that Hurtado has not raised his claims before the Texas Court of Criminal Appeals, either in a petition for discretionary review or a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure.[8]  Hurtado

---

[8]See Application, Docket Entry No. 1, p. 3 (answering "no" to the questions of (13) whether he appealed from the judgment of
(continued...)

does not show that state habeas corpus review is unavailable or
that he fits within a recognized exception to the exhaustion
doctrine.  Under these circumstances the pending Application must
be dismissed for lack of exhaustion.  See Castille v. Peoples, 109
S. Ct. 1056, 1059 (1989) (holding that a petition under 28 U.S.C.
§ 2254 should be "dismissed if state remedies [have] not been
exhausted as to any of the federal claims") (citing Rose v. Lundy,
102 S. Ct. 1198, 1199 (1982)).

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a
district court to issue or deny a certificate of appealability when
entering a final order that is adverse to the petitioner.  A
certificate of appealability will not issue unless the petitioner
makes "a substantial showing of the denial of a constitutional
right," 28 U.S.C. § 2253 (c)(2), which requires a petitioner to
demonstrate "that reasonable jurists would find the district
court's assessment of the constitutional claims debatable or
wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting
Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Where denial of
relief is based on procedural grounds the petitioner must show not
only that "jurists of reason would find debatable whether the

---

[8](...continued)
conviction, (14) whether he filed a petition for discretionary
review, and (15) whether he filed an application for a writ of
habeas corpus under Article 11.07 of the Texas Code of Criminal
Procedure).

-5-

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies, a certificate of appealability will not issue.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  The Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure Article 11.07 filed by Hubert E. Riascos Hurtado (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.

2.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 30th day of October, 2025.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-6-